**Misael Rodemiro RAMIREZ–GIRON, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75116.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 23, 2007.

Misael Rodemiro Ramirez–Giron, Menlo Park, CA, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Dianne M. Shawley, Esq., U.S. Depart-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ment of Justice, Env. & Natrl. Resources Div./Enf. Sec., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Misael Rodemiro Ramirez–Giron, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' decision affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the IJ's denial of asylum for substantial evidence and may reverse only if the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

■ Substantial evidence supports the IJ's finding that the physical mistreatment Ramirez–Giron experienced at the hands of the guerillas did not rise to the level of persecution. *See Prasad v. INS*, 47 F.3d 336, 339 (9th Cir.1995).

■ Additionally, in light of changed country conditions in Guatemala, and because his fear is too speculative, substantial evidence also supports the IJ's finding that Ramirez–Giron does not have a well-founded fear of persecution. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1095–96 (9th Cir.2002).

■ By failing to qualify for asylum, petitioner necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

■ We lack jurisdiction to address Ramirez–Giron's CAT claim because it is unexhausted. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

